```
                    UNITED STATES BANKRUPTCY COURT

                     EASTERN DISTRICT OF CALIFORNIA
```

FILED
DEC 1 2 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                              )    Case No. 05-23999-D-13L
                                    )    Docket Control No. JMO-3
Marilyn Campbell,                   )
                                    )
                                    )
              Debtor.               )
_____)

## MEMORANDUM DECISION

Prem N. Dhawan (the "Trustee"), who served as chapter 7 trustee in the above-captioned case of Marilyn Campbell (the "Debtor") before the case was converted to chapter 13, has moved the court under 11 U.S.C. section 503, for an order allowing him and his counsel in the chapter 7 case, Law Offices of John M. O'Donnell ("Counsel"), administrative-priority claims in the chapter 7 case.

For the reasons set forth below, the court will grant the motion in part.

## I. INTRODUCTION

The record in this case shows that the Debtor filed a chapter 7 petition on April 7, 2005. Among the assets scheduled by the Debtor is certain residential real property in Vallejo, California (the "Residence"). The Trustee was appointed on the same date, and after the Meeting of Creditors had been concluded on May 27, 2005, the Trustee requested authority to employ Counsel as his attorney in the case, and also to employ a real estate broker to market the Residence. By way of orders entered June 8 and June 17, 2005, respectively, the court authorized the

/ / /

Trustee's employment of a real estate broker and the Trustee's employment of Counsel.

Meanwhile, however, the Debtor requested conversion of her chapter 7 case to chapter 13, and on June 10, 2005 the Clerk entered an order granting her request. The case was converted before the Trustee had taken possession of any assets or disbursed any funds to creditors.

On July 18, 2005, the Debtor filed an Amended Chapter 13 Plan ("Plan"). If confirmed and consummated, the Plan will pay $19,143.26 to creditors (through thirty-eight monthly payments into the Plan of $503.77 each).

On August 2, 2005, the Trustee filed his Motion for Allowance of Administrative Expense Pursuant to 11 U.S.C. Section 503 (the "Motion"). In the Motion, the Trustee requests allowance of two administrative claims in the case, one in his favor in the amount of $2,850.00, and one in favor of Counsel, in the amount of $2,609.00. The compensation requested in favor of the Trustee involves 8.2 hours of services rendered pre-conversion, and 1.3 hours of services rendered after conversion of the case to chapter 13. All of the Trustee's services were billed at $300 per hour. The compensation requested in favor of Counsel involves 3.9 hours of services rendered pre-conversion, and 7.1 hours of services rendered after conversion of the case to chapter 13. All of Counsel's services were billed at $200 per hour. Counsel also requested reimbursement of $9.60 in photocopy expenses.

/ / /
/ / /

On August 23 and November 9, 2005, the Debtor filed opposition to the Motion. After continuing the hearing, the court heard oral argument on December 6, 2005.

The Trustee argues that his investigation of the value and marketability of the Debtor's residence prompted the Debtor's conversion of the case to Chapter 13, and that the conversion of the case to chapter 13 preempted his efforts to reduce the non-exempt equity in the residence to cash for the benefit of the estate's creditors. The Trustee brought the motion on the grounds that the value of services provided in the chapter 7 case constitute actual, necessary costs of preserving the bankruptcy estate.

The Debtor's opposition to the Motion was based primarily on the reasonableness of the compensation requested, and on the Debtor's argument that the Trustee' compensation should be capped under 11 U.S.C. section 326(a) ("Section 326(a)").

## II. DISCUSSION

A number of bankruptcy courts have considered whether a chapter 7 trustee should be compensated when the case has been converted to chapter 13 before the chapter 7 trustee has disbursed any funds to creditors. E.g. In re Berry, 166 B.R. 932 (Bankr. D. Ore. 1994) (awarding compensation on quantum meruit basis); In re Stabler, 75 B.R. 135 (Bankr. M.D. Fla. 1987) (awarding quantum meruit compensation for 'substantial' services).

In this case, the court finds that services provided by the Trustee and Counsel were of value to the bankruptcy estate, in that the Trustee's and Counsel's efforts revealed potential

equity in the debtor's home above the claimed homestead exemption. Reasonable compensation is therefore payable for those efforts, which constitute actual, necessary costs of preserving the Debtor's bankruptcy estate.

The Trustee, however, did not provide authority for the proposition that services post-conversion are compensable. As such, and in the circumstances of this case, the court will approve compensation to both the Trustee and Counsel, but only for services that were provided before conversion of the case to chapter 13. As noted above, the Trustee billed 8.2 hours of service pre-conversion at $300 per hour, and Counsel billed 3.9 ours of service pre-conversion at $200 per hour. As such, the Trustee billed $2,460 for pre-conversion services, and Counsel billed $780 for pre-conversion services.

Once it is decided that a chapter 7 trustee or his professionals are entitled to compensation in the converted case, bankruptcy courts are then faced with applying the formula in Section 326(a) among the multiple trustees that provide services in the converted case. In this case, the court finds that the method of applying Section 326(a) that was employed by the court in In re Hages, 252 B.R. 789 (Bankr. N.D. Cal. 2000), is appropriate.

Like the Trustee in this case, the trustee in Hages made no distributions to creditors, and did not take possession of assets. She did provide services, however, that apparently prompted the debtor to convert the case to chapter 13. Id. at 791. Those services were billed by the Hages trustee at her customary professional billing rate.

- 4 -

As in Hages, this court holds that the Trustee's maximum fees in this converted case, as dictated by Section 326(a), will be based on distributions to be made by the chapter 13 trustee under the Plan. Under section 326(a), chapter 7 trustees can receive no more than twenty-five percent of the first $5,000 distributed, plus ten percent of the amount distributed in excess of $5,000 and up to $50,000, plus no more than the other percentages set forth therein.

In this case, $19,143 is to be distributed through the Plan. As such, Section 326(a) limits the Trustee's compensation to twenty-five percent of $5,000.00 (or $1,250.00), plus ten percent of $14,143 (or $1,414.30), for a total amount of $2,664.30. Section 326(a) does not grant a chapter 7 trustee a right to the maximum compensation, but instead it imposes a cap on such compensation. Under that cap, the trustee is entitled to only reasonable compensation. 11 U.S.C. §§ 326(a), 330(a)(1)(A); Matter of Rauch, 110 B.R. 467, 472-73 (Bankr. E.D. Cal. 1990). In Hages, the trustee was not awarded the maximum compensation, but was limited to a lodestar award below the Section 326(a) cap.

In this case, the court will allow an administrative claim in favor of the Trustee for pre-conversion services, in the amount of $2,460.00. As in Hages, the Section 326(a) cap is higher than the amount billed by the Trustee for pre-conversion services, leaving compensation subject to the lodestar amount.

The court will also allow as an administrative claim in favor of Counsel the compensation requested for services rendered before conversion of the case. This amount, as noted above, is $780.00. The court also allows reimbursement in the amount of

$9.60 billed by Counsel for photocopy expenses, on the presumption that these expenses were incurred during the pre-conversion period (although billed at the end of June 2005).

The allowed administrative claims are to be paid consistent with the terms of the Plan or any other chapter 13 plan confirmed in the case.

### III. CONCLUSION

The court will issue an order consistent with this memorandum.

Dated: December 12, 2005   *Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

## Certificate of Service

I certify that on _____DEC 1 2 2005_____ a copy of the **foregoing document** was mailed to the following:

John M. O'Donnell
915 University Avenue
Sacramento, CA 95825

Robert McConnell
1206 Georgia Street
Vallejo, CA 94590

```
                              FOR THE COURT
                              RICHARD G. HELTZEL
                              CLERK, U.S. BANKRUPTCY COURT



                              By: _____
                                     Deputy Clerk
```